# In the Iowa Supreme Court

No. 25–0458

Submitted June 3, 2026—Filed June 26, 2026

**Brian Dale Klein,**

Appellant,

vs.

**Whirlpool Corporation,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Iowa County, Lars G. Anderson, judge.

An employee seeks further review of a court of appeals decision that affirmed a district court order dismissing his petition for judicial review of a workers' compensation decision. **Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**

Per curiam.

Thomas M. Wertz and Mindi M. Vervaecke of Wertz Law Firm, Cedar Rapids, for appellant.

Kent M. Smith of Smith Mills Law P.C., West Des Moines, for appellee.

**Per Curiam.**

This case presents issues we recently decided in *Koeller v. Cardinal Logistics Management Corp.*, ___ N.W.3d ___, 2026 WL 1354304 (Iowa May 15, 2026). There, we considered how the American Medical Association, *Guides to the Evaluation of Permanent Impairment* (Linda Cocciarella & Gunnar B. J. Andersson eds., 5th ed. 2001) [hereinafter AMA *Guides*] apply to a scheduled shoulder injury involving a distal clavicle excision. *Koeller*, ___ N.W.3d at ___, 2026 WL 1354304, at *1. We held two things that are relevant here. First, because the AMA *Guides* have been incorporated into Iowa workers' compensation law, their interpretation is properly within the domain of the agency and, ultimately, the courts. *Id.* at ___, 2026 WL 1354304, at *5. Second, the commissioner had interpreted the AMA *Guides* incorrectly: the 10% impairment value for a distal clavicle excision under Table 16-27 is not subject to the 25% multiplier in Table 16-18. *Id.* at ___, 2026 WL 1354304, at *7.

This case raises the same issues and, therefore, the result is the same.

Brian Klein injured his right shoulder while working for Whirlpool Corporation. He later underwent shoulder surgery that included a distal clavicle excision. The parties agreed that Klein sustained some permanent disability, but they disputed the extent of it.

Three physicians offered impairment ratings. Dr. Matthew Bollier assigned a 4% upper extremity impairment based on loss of range of motion. Dr. Robert Broghammer assigned a 2% upper extremity impairment, also based on loss of range of motion. Dr. Mark Taylor assigned a 6% impairment for loss of range of motion and an additional 10% impairment for the distal clavicle excision under Table 16-27 of the AMA *Guides*. *See* AMA *Guides* § 16.7b tbl.16-27, at 506. Using

the combined values chart, Dr. Taylor concluded that Klein had sustained a 15% impairment of the right upper extremity.

The deputy commissioner found Dr. Taylor's opinion most persuasive. Yet the deputy did not adopt Dr. Taylor's 15% rating. Instead, relying on the commissioner's prior decision in *Jay v. Archer Skid Loader Service, LLC*, Iowa Workers' Comp. Comm'n No. 19003586.01, 2022 WL 17078713 (Aug. 23, 2022), the deputy concluded that the 10% value for the distal clavicle excision had to be multiplied by 25% as instructed by Table 16-18. *See* AMA *Guides* § 16.7 tbl.16-18, at 499. That reduced the distal clavicle excision impairment from 10% to 2.5%. Combining that figure with the 6% range of motion impairment yielded a 9% impairment rating.

On intra-agency review, the commissioner affirmed. The district court denied Klein's petition for judicial review. The court of appeals affirmed the district court. Klein sought further review, which we granted.

In this case, the commissioner applied the same interpretation of the AMA *Guides* that we rejected in *Koeller*. There, we explained that Table 16-27 provides the value of impairment of the upper extremity for a distal clavicle excision. *Koeller*, ___ N.W.3d at ___, 2026 WL 1354304, at *7. Because Table 16-27 *already* gives an upper extremity impairment value, the additional conversion under Table 16-18 is not made. *Id.* "The specifics in section 16.7b of the AMA *Guides* prevail over the general statement in section 16.7." *Id.*

That holding controls this case. The deputy commissioner accepted Dr. Taylor's opinion that Klein sustained a 10% impairment for the distal clavicle excision under Table 16-27. The deputy then applied the 25% Table 16-18 multiplier and reduced that portion of the rating to 2.5%. Under *Koeller*, that was error.

For these reasons, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand to the district court with instructions to remand the case to the workers' compensation commissioner for further proceedings consistent with this opinion.

**Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**

This opinion shall not be published.